1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HOYT CRACE,

                    Petitioner,

     v.

ROBERT HERZOG,

                  Respondent.

CASE NO. C12-5672 RBL/KLS

ORDER ADOPTING REPORT AND
RECOMMENDATION

THIS MATTER is before the Court on the Report and Recommendation of Magistrate
Judge Karen L. Strombom [Dkt. #13], recommending that the Court GRANT Defendant's
Petition for Writ of Habeas Corpus. [Dkt. #1]. The Court has reviewed the record, the Report,
and Respondent's Objections to it. [Dkt. #14]. The Court hereby ADOPTS the Magistrate
Judge's Report and Recommendation [Dkt. #13], and GRANTS Mr. Crace's Petition for Writ of
Habeas Corpus.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Hoyt Crace, a Washington State prisoner, seeks 28 U.S.C. § 2254 habeas
corpus relief from his conviction for attempted second-degree assault and his life sentence. [Dkt.
#1]. In 2003, Crace suffered a drug-induced psychosis, leading him to mistakenly break and
enter into a stranger's mobile home, and ultimately, led to Crace charging a deputy sheriff with a
sword. Mr. Crace laid down the sword, and no one was injured. He later explained that he
believed someone was chasing him.

In 2004, Mr. Crace was convicted of attempted second-degree assault, first-degree
criminal trespass, and second-degree malicious mischief. The attempted assault conviction

1  constituted Crace's third "strike," and he was sentenced to life imprisonment without the

2  possibility of parole.

3          Crace appealed his conviction to the Washington Court of Appeals, which affirmed the

4  conviction on June 28, 2005.  [Dkt. #11, Exs. 6, 8].  Mr. Crace appealed to the Washington

5  Supreme Court, which denied review without comment.  [Id., Exs. 9, 13].  In May 2008, Mr.

6  Crace filed a personal restraint petition with the Washington Court of Appeals seeking to have

7  his conviction reversed due to his counsel's failure to request an instruction on a lesser included

8  offense—unlawful display of a weapon.  A court of appeals panel initially denied the petition in

9  an unpublished decision on January 20, 2010.  [Id., Ex. 22].  The court of appeals, however,

10  granted Crace's motion for reconsideration, and the court held that counsel's failure to request an

11  instruction on unlawful display of a weapon, as a lesser included offense of attempted second

12  degree assault, constituted deficient performance and was prejudicial under *Strickland v.*

13  *Washington*, 466 U.S. 668 (1984), and remanded the case for retrial on the second degree assault

14  charge. [Id., Exs. 23, 28]. *In re Crace*, 157 Wash. App. 81, 106–10 (2010).

15          The State appealed, and on July 19, 2012, the Washington Supreme Court reversed,

16  noting that while the court of appeals "correctly analyzed prejudice under the Strickland

17  standard, Mr. Crace had not met his burden of demonstrating prejudice."  [Dkt. #11, Exs. 31, 46].

18  *In re Crace*, 174 Wash. 2d 835, 837, 847–48 (2012).

19          Here, Mr. Crace argues that he is entitled to relief under § 2254 because the Washington

20  Supreme Court's adjudication of his ineffective assistance of counsel claim resulted in a decision

21  that involved the unreasonable application of clearly established federal law under *Strickland*.

22

23

24

## II.    DISCUSSION

### A.  Standard of Review

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a court may grant habeas relief to a state prisoner where the state court unreasonably applies clearly established federal law:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings.

28 U.S.C. § 2254 (d)(1)–(2) (1996). The "clearly established Federal law" that controls federal habeas review of state court decisions consists of the holdings of Supreme Court decisions "as of the time of the relevant state-court decisions." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Under the "contrary to" clause of AEDPA, "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Id*. at 412–13.

Under the "unreasonable application" clause of AEDPA, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. However, an "unreasonable application" is different than an incorrect one. *Id*. "'Under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly.' The federal habeas scheme leaves primary responsibility with the state courts for these judgments, and authorizes federal-court intervention only when a state-court decision is *objectively* unreasonable." *Woodford v.*

1    *Viscotti*, 537 U.S. 19, 26–27 (2002) (citing *Bell v. Cone,* 535 U.S. 685, 699 (2002)) (emphasis

2    added). Therefore, in order to obtain relief, the petitioner must show that the state court's

3    application of Supreme Court law was *objectively* unreasonable. *Id* at 24-25.

**B.  Right to a Lesser Included Offense**

5    While it is true that if the prosecution has not proven its case beyond a reasonable doubt,

6    and if no lesser offense instruction is offered, the jury must, in theory, return a verdict of

7    acquittal, in actuality, it is more common that "[w]here one of the elements of the offense

8    charged remains in doubt, but the defendant is plainly guilty of some offense, the jury is likely to

9    resolve its doubts in favor of conviction." *Keeble v. United States*, 412 U.S. 205, 212–13 (1973).

10   It is "precisely because he should not be exposed to the substantial risk that the jury's practice

11   will diverge from theory" that a defendant is entitled to a lesser included offense instruction. *Id.*

12   The right to a lesser included offense is well established under federal law. "[A]

13   defendant is entitled to an instruction on a lesser included offense if the evidence would permit a

14   jury rationally to find him guilty of the lesser offense and acquit him of the greater." *Keeble v.*

15   *United States*, 412 U.S. 205, 208 (1973); *see also Sansone v. United States*, 380 U.S. 343, 349

16   (1965); *Berra v. United States*, 351 U.S. 131, 134 (1956); *Stevenson v. United States*, 162 U.S.

17   313, 315 (1896); Fed. R. Crim. P. 31(c).

18   In Washington, the right to present a lesser included offense instruction to the jury is a

19   statutory right. *See* Wash. Rev. Code § 10.61.006, .010; *State v. Bowerman*, 115 Wash. 2d 794,

20   805 (1990). Under Washington's *Workman* test, a defendant is entitled to an instruction on a

21   lesser included offense if two conditions are met. *State v. Workman*, 90 Wash. 2d 443,

22   447(1978).  First, "each of the elements of the lesser offense must be a necessary element of the

23   offense charged," and second, "the evidence in the case must support an inference that the lesser

24   crime was committed." *Id.* at 447–48.

1     First, it is undisputed that unlawful display of a weapon is a lesser included offense of

2  second degree assault because all of the elements of unlawful display of a weapon are also

3  necessary elements of second degree assault. *See* RCW 9.41.270(a); RCW 9A.36.011, .021. This

4  satisfies the first prong of the *Workman* test. *See State v. Baggett*, 103 Wash. App. 564, 569-70

5  (2000) (discussion on unlawful display of a weapon as a lesser included offense of second degree

6  assault).

7     Second, the second prong of *Workman* is satisfied when, viewing the evidence in the light

8  most favorable to the party requesting the instruction, substantial evidence supports a rational

9  inference that the defendant committed only the lesser included or inferior degree offense to the

10  exclusion of the greater one. *See State v. Fernandez-Medina*, 141 Wash. 2d 448, 456 (2000).

11     Under the second prong, Mr. Crace needed to produce evidence to support the rational

12  inference that he committed only the lesser included offense. In this case, Mr. Crace's defense

13  was that he did not and could not form the required intent to commit second degree assault due to

14  intoxication. Although he admitted running through the neighborhood with a sword, Mr. Crace

15  testified that he did not intentionally assault or attempt to assault Officer Hardesty, but that he

16  ran towards Officer Hardesty because he feared someone was trying to kill him. [Dkt. #11, Ex. 2

17  (RP 124-44)]. This testimony is consistent with the theory that Mr. Crace was guilty only of

18  unlawful display of a weapon. While the State's psychologist, Dr. Marquez, testified that after

19  evaluating Mr. Crace two months after the incident, he viewed Mr. Crace as interpersonally

20  manipulative and that his self-reporting of psychiatric symptoms was inconsistent and

21  exaggerated, the defense's psychologist, Mr. Gollogly, stated that Mr. Crace's voluntary

22  intoxication on August 17, 2003 (on account of the cocaine, alcohol, heroin, and pain killers he

23  ingested earlier in the day) led to a delusional state and that as a result, Mr. Crace could not

24  appreciate the nature of his actions.  [Dkt. #11, Ex. 2 (RP 173-77)]. Again, this tends to

1    corroborate Mr. Crace's testimony that he did not and could not form the intent to commit

2    assault. Viewing the evidence in the light most favorable to Mr. Crace, there *was* substantial

3    evidence to support the rational inference that the defendant committed only the lesser included

4    offense of unlawful display of a weapon. Therefore, because both prongs of the *Workman* test

5    were met, both federal and state law entitled Mr. Crace to the lesser included offense

6    instruction—had his defense counsel requested it. It is this failure to request the instruction that

7    serves as the basis for Mr. Crace's ineffective assistance of counsel claim.

8    **C.  Right to Effective Assistance of Counsel**

9    "This court has recognized that the Sixth Amendment right to counsel exists, and is

10   needed, in order to protect the fundamental right to a fair trial." *Strickland v. Washington*, 466

11   U.S. 668, 684 (1984). Furthermore, it is "recognized that the right to counsel is the right to the

12   effective assistance of counsel." *Id.* at 686 (citations omitted). However, counsel can also

13   "deprive a defendant of the right to effective assistance, simply by failing to render adequate

14   legal assistance." *Id.*  The test for determining whether counsel has failed to provide adequate

15   legal assistance is "whether counsel's conduct so undermined the proper functioning of the

16   adversarial process that the trial cannot be relied on as having produced a just result." *Id.*

17   To succeed on a claim of ineffective assistance of counsel, a petitioner must satisfy a two

18   part test: he must show that (1) "counsel's representation fell below an objective standard of

19   reasonableness"; and (2) that counsel's deficient representation was "prejudicial to the defense."

20   *Id.* at 688, 692. A defendant's "[f]ailure to make the required showing of either deficient

21   performance or sufficient prejudice defeats the ineffectiveness claim." *Id.* at 700. However,

22   "[t]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry

23   in the same order or even to address both components of the inquiry if the defendant makes an

24   insufficient showing on one." *Strickland*, 466 U.S. at 697.

1    Under Supreme Court jurisprudence, when a state court in a reasoned decision denies an

2    ineffective assistance of counsel claim without addressing both prongs of the *Strickland* test, then

3    the elements of the claim that were not addressed are reviewed de novo. *See, e.g.*, *Porter v.*

4    *McCollum*, 558 U.S. 30, 39 (2009); *Rompilla v. Beard*, 545 U.S. 374, 390 (2005). In the Ninth

5    Circuit, "[w]here no reasoned state court decision denying habeas petition exists, the federal

6    court should perform an independent review of the record to ascertain whether the state court

7    decision was objectively unreasonable." *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005).

8    "Finally, in a federal habeas challenge to a state criminal judgment, a state court conclusion that

9    counsel rendered effective assistance is not a finding of fact binding on the federal court to the

10   extent stated by 28 U.S.C. § 2254(d)." *Strickland*, 466 U.S. at 698. For ineffectiveness is not a

11   question of "basic, primary, or historical fact," rather "both the performance and prejudice

12   components of the ineffectiveness inquiry are mixed questions of law and fact." *Id.*

13   **1. Deficient Performance**

14   "The proper standard for attorney performance is that of reasonably effective assistance."

15   *Strickland*, 466 U.S. at 687. "The threshold for the deficient performance prong is high, given the

16   deference afforded to decisions of defense counsel in the course of representation." *State v.*

17   *Grier*, 171 Wash. 2d 17, 33 (2011); *see also Strickland*, 466 U.S. at 689. Because the Sixth

18   Amendment does not specify particular requirements of effective assistance, "the performance

19   inquiry must be whether the counsel's assistance was reasonable considering all the

20   circumstances." *Strickland*, 466 U.S. at 688. In particular, "[w]hen counsel's conduct can be

21   characterized as legitimate trial strategy or tactics, performance is not deficient." *Id*. However,

22   where a criminal defendant can demonstrate that "there is no conceivable legitimate tactic

23   explaining counsel's performance" the presumption of reasonable performance no longer exists.

24   *Id*. (citations omitted).

1    In this case, the Washington Supreme Court assumed without deciding that counsel's

2    performance was deficient.  The court stated, however, that it could not say in all reasonable

3    probability that counsel's error contributed to Mr. Crace's conviction of attempted second degree

4    assault. [Dkt. #11, Exs. 28, 46]. The court further held there was sufficient evidence to conclude

5    that Mr. Crace committed the offense and that any error for failing to request the lesser included

6    offense occurred during an otherwise strategic and tactically driven presentation by counsel.

7    Because the court assumed deficient performance, however, it did not consider defense counsel,

8    Mr. Depan's, declaration, in which he stated that the only reason he did not ask for the lesser

9    included offense instruction was because he failed to consider it.  [Dkt. #11, Ex. 36 (Declaration

10   of Robert Depan)].  Therefore, absent any conceivable legitimate tactic, this cannot be

11   characterized as a legitimate trial strategy and the presumption of reasonable performance

12   disappears. *See State v. Hassan*, 151 Wash. App. 209, 211 (2009) (holding that decision to

13   pursue an all or nothing strategy was not objectively unreasonable when the only chance for

14   acquittal was to not request a lesser included instruction). Furthermore, where a criminal

15   defendant is faced with a charge of attempted second degree assault that carries a mandatory life

16   sentence when an offender has two prior "most serious offense" convictions or the lesser

17   included offense of unlawful display of a weapon that carries a one year maximum sentence,

18   there is likely no set of circumstances in which a counsel's failure to ask for the lesser included

19   offense instruction would have been reasonable.

20       **2.  Prejudice**

21       In applying the prejudice prong of *Strickland*, the court must consider whether the

22   defendant has shown that "there is a reasonable probability that, but for counsel's unprofessional

23   errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A

24   reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

1  The Washington Supreme Court, relying heavily on the language in *Strickland* that states "a

2  court should presume, absent challenge to the judgment on grounds of evidentiary insufficiency,

3  that the judge or jury acted according to law," determined that because Mr. Crace had been

4  convicted of attempted second degree assault, he cannot establish that he was prejudiced.

5  *Strickland*, 466 U.S. at 694.  In other words, the Washington Supreme Court decided that Mr.

6  Crace cannot show prejudice because the evidence was sufficient for a jury to convict him of

7  attempted second degree assault.

8         As Mr. Crace accurately points out, however, the Washington Supreme Court, failed to

9  ask the critical question of the prejudice analysis, which is not whether there was sufficient

10 evidence to convict, but whether it is reasonably likely that the result would have been different

11 if the lesser included instruction had been given to the jury. This Court concludes that such a

12 reasonable likelihood exists.

13                      **III.    CONCLUSION**

14         Because Mr. Crace presented evidence that permitted a rational jury to find him guilty of

15 the lesser included offense of unlawful display of a weapon and acquit him of the greater offense

16 of attempted second degree assault, Mr. Crace had both a constitutional and state statutory right

17 to a lesser included offense instruction had his defense counsel requested it.  This failure to

18 request the lesser included offense instruction not only fell below the standard of reasonably

19 effective assistance of counsel, but it equated to a life sentence for Mr. Crace. Because there is a

20 reasonable likelihood that the jury's decision would have been different had the lesser included

21 offense instruction been given, the Washington Supreme Court's adjudication of Mr. Crace's

22 ineffective assistance claim was not only incorrect, but unreasonable. This unreasonable

23 application of federal law gives this Court the authority to grant Mr. Crace habeas corpus relief.

24

1    The Court, having reviewed Petitioner's 28 U.S.C. § 2254 petition for writ of habeas

2    corpus [Dkt. #1], the parties' briefing [Dkt. #s 10, 12], the Report and Recommendation of

3    United States Magistrate Judge Karen L. Strombom, the governing law, and the balance of the

4    record, does hereby find and **ORDER:**

5        (1)    The Court **ADOPTS** the Report and Recommendation;

6        (2)    Petitioner's petition for writ of habeas corpus [Dkt. #1] is **GRANTED**;

7        (3)    Petitioner's conviction for second degree assault is **VACATED**;

8        (4)    Petitioner should be released from custody unless the State of Washington elects

9    to retry him within ninety (90) days after entry of this Order; and

10       (5)    The Clerk of Court is directed to send a copy of this Order to Magistrate Judge

11   Karen L. Strombom.

12       **DATED** this 2nd day of July, 2013.

13

14   _____
     RONALD B. LEIGHTON
15   UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

ORDER - 10