UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HOYT CRACE,

        Petitioner,

v.

ROBERT HERZOG,

        Respondent.

CASE NO. C12-5672 RBL/KLS

ORDER ADOPTING REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Report and Recommendation of Magistrate Judge Karen L. Strombom [Dkt. #13], recommending that the Court GRANT Defendant's Petition for Writ of Habeas Corpus. [Dkt. #1]. The Court has reviewed the record, the Report, and Respondent's Objections to it. [Dkt. #14]. The Court hereby ADOPTS the Magistrate Judge's Report and Recommendation [Dkt. #13], and GRANTS Mr. Crace's Petition for Writ of Habeas Corpus.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Hoyt Crace, a Washington State prisoner, seeks 28 U.S.C. § 2254 habeas corpus relief from his conviction for attempted second-degree assault and his life sentence. [Dkt. #1]. In 2003, Crace suffered a drug-induced psychosis, leading him to mistakenly break and enter into a stranger's mobile home, and ultimately, led to Crace charging a deputy sheriff with a sword. Mr. Crace laid down the sword, and no one was injured. He later explained that he believed someone was chasing him.

In 2004, Mr. Crace was convicted of attempted second-degree assault, first-degree criminal trespass, and second-degree malicious mischief. The attempted assault conviction

constituted Crace's third "strike," and he was sentenced to life imprisonment without the possibility of parole.

Crace appealed his conviction to the Washington Court of Appeals, which affirmed the conviction on June 28, 2005. [Dkt. #11, Exs. 6, 8]. Mr. Crace appealed to the Washington Supreme Court, which denied review without comment. [Id., Exs. 9, 13]. In May 2008, Mr. Crace filed a personal restraint petition with the Washington Court of Appeals seeking to have his conviction reversed due to his counsel's failure to request an instruction on a lesser included offense—unlawful display of a weapon. A court of appeals panel initially denied the petition in an unpublished decision on January 20, 2010. [Id., Ex. 22]. The court of appeals, however, granted Crace's motion for reconsideration, and the court held that counsel's failure to request an instruction on unlawful display of a weapon, as a lesser included offense of attempted second degree assault, constituted deficient performance and was prejudicial under *Strickland v. Washington*, 466 U.S. 668 (1984), and remanded the case for retrial on the second degree assault charge. [Id., Exs. 23, 28]. *In re Crace*, 157 Wash. App. 81, 106–10 (2010).

The State appealed, and on July 19, 2012, the Washington Supreme Court reversed, noting that while the court of appeals "correctly analyzed prejudice under the Strickland standard, Mr. Crace had not met his burden of demonstrating prejudice." [Dkt. #11, Exs. 31, 46]. *In re Crace*, 174 Wash. 2d 835, 837, 847–48 (2012).

Here, Mr. Crace argues that he is entitled to relief under § 2254 because the Washington Supreme Court's adjudication of his ineffective assistance of counsel claim resulted in a decision that involved the unreasonable application of clearly established federal law under *Strickland*.

## II.  DISCUSSION

**A.  Standard of Review**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a court may grant habeas relief to a state prisoner where the state court unreasonably applies clearly established federal law:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings.

28 U.S.C. § 2254 (d)(1)–(2) (1996). The "clearly established Federal law" that controls federal habeas review of state court decisions consists of the holdings of Supreme Court decisions "as of the time of the relevant state-court decisions." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Under the "contrary to" clause of AEDPA, "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Id*. at 412–13.

Under the "unreasonable application" clause of AEDPA, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. However, an "unreasonable application" is different than an incorrect one. *Id*. "'Under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly.' The federal habeas scheme leaves primary responsibility with the state courts for these judgments, and authorizes federal-court intervention only when a state-court decision is *objectively* unreasonable." *Woodford v.*

*Viscotti,* 537 U.S. 19, 26–27 (2002) (citing *Bell v. Cone,* 535 U.S. 685, 699 (2002)) (emphasis added). Therefore, in order to obtain relief, the petitioner must show that the state court's application of Supreme Court law was *objectively* unreasonable. *Id* at 24-25.

**B.  Right to a Lesser Included Offense**

While it is true that if the prosecution has not proven its case beyond a reasonable doubt, and if no lesser offense instruction is offered, the jury must, in theory, return a verdict of acquittal, in actuality, it is more common that "[w]here one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of some offense, the jury is likely to resolve its doubts in favor of conviction." *Keeble v. United States,* 412 U.S. 205, 212–13 (1973). It is "precisely because he should not be exposed to the substantial risk that the jury's practice will diverge from theory" that a defendant is entitled to a lesser included offense instruction. *Id.*

The right to a lesser included offense is well established under federal law. "[A] defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater." *Keeble v. United States*, 412 U.S. 205, 208 (1973); *see also Sansone v. United States,* 380 U.S. 343, 349 (1965); *Berra v. United States*, 351 U.S. 131, 134 (1956); *Stevenson v. United States*, 162 U.S. 313, 315 (1896); Fed. R. Crim. P. 31(c).

In Washington, the right to present a lesser included offense instruction to the jury is a statutory right. *See* Wash. Rev. Code § 10.61.006, .010; *State v. Bowerman*, 115 Wash. 2d 794, 805 (1990). Under Washington's *Workman* test, a defendant is entitled to an instruction on a lesser included offense if two conditions are met. *State v. Workman*, 90 Wash. 2d 443, 447(1978).  First, "each of the elements of the lesser offense must be a necessary element of the offense charged," and second, "the evidence in the case must support an inference that the lesser crime was committed." *Id.* at 447–48.

1     First, it is undisputed that unlawful display of a weapon is a lesser included offense of
2  second degree assault because all of the elements of unlawful display of a weapon are also
3  necessary elements of second degree assault. *See* RCW 9.41.270(a); RCW 9A.36.011, .021. This
4  satisfies the first prong of the *Workman* test. *See State v. Baggett*, 103 Wash. App. 564, 569-70
5  (2000) (discussion on unlawful display of a weapon as a lesser included offense of second degree
6  assault).
7     Second, the second prong of *Workman* is satisfied when, viewing the evidence in the light
8  most favorable to the party requesting the instruction, substantial evidence supports a rational
9  inference that the defendant committed only the lesser included or inferior degree offense to the
10 exclusion of the greater one. *See State v. Fernandez-Medina*, 141 Wash. 2d 448, 456 (2000).
11    Under the second prong, Mr. Crace needed to produce evidence to support the rational
12 inference that he committed only the lesser included offense. In this case, Mr. Crace's defense
13 was that he did not and could not form the required intent to commit second degree assault due to
14 intoxication. Although he admitted running through the neighborhood with a sword, Mr. Crace
15 testified that he did not intentionally assault or attempt to assault Officer Hardesty, but that he
16 ran towards Officer Hardesty because he feared someone was trying to kill him. [Dkt. #11, Ex. 2
17 (RP 124-44)]. This testimony is consistent with the theory that Mr. Crace was guilty only of
18 unlawful display of a weapon. While the State's psychologist, Dr. Marquez, testified that after
19 evaluating Mr. Crace two months after the incident, he viewed Mr. Crace as interpersonally
20 manipulative and that his self-reporting of psychiatric symptoms was inconsistent and
21 exaggerated, the defense's psychologist, Mr. Gollogly, stated that Mr. Crace's voluntary
22 intoxication on August 17, 2003 (on account of the cocaine, alcohol, heroin, and pain killers he
23 ingested earlier in the day) led to a delusional state and that as a result, Mr. Crace could not
24 appreciate the nature of his actions. [Dkt. #11, Ex. 2 (RP 173-77)]. Again, this tends to

corroborate Mr. Crace's testimony that he did not and could not form the intent to commit assault. Viewing the evidence in the light most favorable to Mr. Crace, there *was* substantial evidence to support the rational inference that the defendant committed only the lesser included offense of unlawful display of a weapon. Therefore, because both prongs of the *Workman* test were met, both federal and state law entitled Mr. Crace to the lesser included offense instruction—had his defense counsel requested it. It is this failure to request the instruction that serves as the basis for Mr. Crace's ineffective assistance of counsel claim.

### C. Right to Effective Assistance of Counsel

"This court has recognized that the Sixth Amendment right to counsel exists, and is needed, in order to protect the fundamental right to a fair trial." *Strickland v. Washington*, 466 U.S. 668, 684 (1984). Furthermore, it is "recognized that the right to counsel is the right to the effective assistance of counsel." *Id*. at 686 (citations omitted). However, counsel can also "deprive a defendant of the right to effective assistance, simply by failing to render adequate legal assistance." *Id*. The test for determining whether counsel has failed to provide adequate legal assistance is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id*.

To succeed on a claim of ineffective assistance of counsel, a petitioner must satisfy a two part test: he must show that (1) "counsel's representation fell below an objective standard of reasonableness"; and (2) that counsel's deficient representation was "prejudicial to the defense." *Id*. at 688, 692. A defendant's "[f]ailure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id*. at 700. However, "[t]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

Under Supreme Court jurisprudence, when a state court in a reasoned decision denies an ineffective assistance of counsel claim without addressing both prongs of the *Strickland* test, then the elements of the claim that were not addressed are reviewed de novo. *See, e.g.*, *Porter v. McCollum*, 558 U.S. 30, 39 (2009); *Rompilla v. Beard*, 545 U.S. 374, 390 (2005). In the Ninth Circuit, "[w]here no reasoned state court decision denying habeas petition exists, the federal court should perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable." *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005). "Finally, in a federal habeas challenge to a state criminal judgment, a state court conclusion that counsel rendered effective assistance is not a finding of fact binding on the federal court to the extent stated by 28 U.S.C. § 2254(d)." *Strickland*, 466 U.S. at 698. For ineffectiveness is not a question of "basic, primary, or historical fact," rather "both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact." *Id.*

**1.  Deficient Performance**

"The proper standard for attorney performance is that of reasonably effective assistance." *Strickland*, 466 U.S. at 687. "The threshold for the deficient performance prong is high, given the deference afforded to decisions of defense counsel in the course of representation." *State v. Grier*, 171 Wash. 2d 17, 33 (2011); *see also Strickland*, 466 U.S. at 689. Because the Sixth Amendment does not specify particular requirements of effective assistance, "the performance inquiry must be whether the counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. In particular, "[w]hen counsel's conduct can be characterized as legitimate trial strategy or tactics, performance is not deficient." *Id*. However, where a criminal defendant can demonstrate that "there is no conceivable legitimate tactic explaining counsel's performance" the presumption of reasonable performance no longer exists. *Id*. (citations omitted).

1      In this case, the Washington Supreme Court assumed without deciding that counsel's
2 performance was deficient.  The court stated, however, that it could not say in all reasonable
3 probability that counsel's error contributed to Mr. Crace's conviction of attempted second degree
4 assault. [Dkt. #11, Exs. 28, 46]. The court further held there was sufficient evidence to conclude
5 that Mr. Crace committed the offense and that any error for failing to request the lesser included
6 offense occurred during an otherwise strategic and tactically driven presentation by counsel.
7 Because the court assumed deficient performance, however, it did not consider defense counsel,
8 Mr. Depan's, declaration, in which he stated that the only reason he did not ask for the lesser
9 included offense instruction was because he failed to consider it.  [Dkt. #11, Ex. 36 (Declaration
10 of Robert Depan)].  Therefore, absent any conceivable legitimate tactic, this cannot be
11 characterized as a legitimate trial strategy and the presumption of reasonable performance
12 disappears. *See State v. Hassan*, 151 Wash. App. 209, 211 (2009) (holding that decision to
13 pursue an all or nothing strategy was not objectively unreasonable when the only chance for
14 acquittal was to not request a lesser included instruction). Furthermore, where a criminal
15 defendant is faced with a charge of attempted second degree assault that carries a mandatory life
16 sentence when an offender has two prior "most serious offense" convictions or the lesser
17 included offense of unlawful display of a weapon that carries a one year maximum sentence,
18 there is likely no set of circumstances in which a counsel's failure to ask for the lesser included
19 offense instruction would have been reasonable.
20     **2.  Prejudice**
21      In applying the prejudice prong of *Strickland*, the court must consider whether the
22 defendant has shown that "there is a reasonable probability that, but for counsel's unprofessional
23 errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A
24 reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

1   The Washington Supreme Court, relying heavily on the language in *Strickland* that states "a
2   court should presume, absent challenge to the judgment on grounds of evidentiary insufficiency,
3   that the judge or jury acted according to law," determined that because Mr. Crace had been
4   convicted of attempted second degree assault, he cannot establish that he was prejudiced.
5   *Strickland*, 466 U.S. at 694.  In other words, the Washington Supreme Court decided that Mr.
6   Crace cannot show prejudice because the evidence was sufficient for a jury to convict him of
7   attempted second degree assault.
8         As Mr. Crace accurately points out, however, the Washington Supreme Court, failed to
9   ask the critical question of the prejudice analysis, which is not whether there was sufficient
10  evidence to convict, but whether it is reasonably likely that the result would have been different
11  if the lesser included instruction had been given to the jury. This Court concludes that such a
12  reasonable likelihood exists.

### III.   CONCLUSION

14        Because Mr. Crace presented evidence that permitted a rational jury to find him guilty of
15  the lesser included offense of unlawful display of a weapon and acquit him of the greater offense
16  of attempted second degree assault, Mr. Crace had both a constitutional and state statutory right
17  to a lesser included offense instruction had his defense counsel requested it.  This failure to
18  request the lesser included offense instruction not only fell below the standard of reasonably
19  effective assistance of counsel, but it equated to a life sentence for Mr. Crace. Because there is a
20  reasonable likelihood that the jury's decision would have been different had the lesser included
21  offense instruction been given, the Washington Supreme Court's adjudication of Mr. Crace's
22  ineffective assistance claim was not only incorrect, but unreasonable. This unreasonable
23  application of federal law gives this Court the authority to grant Mr. Crace habeas corpus relief.
24

1   The Court, having reviewed Petitioner's 28 U.S.C. § 2254 petition for writ of habeas

2 corpus [Dkt. #1], the parties' briefing [Dkt. #s 10, 12], the Report and Recommendation of

3 United States Magistrate Judge Karen L. Strombom, the governing law, and the balance of the

4 record, does hereby find and **ORDER:**

5   (1)   The Court **ADOPTS** the Report and Recommendation;

6   (2)   Petitioner's petition for writ of habeas corpus [Dkt. #1] is **GRANTED**;

7   (3)   Petitioner's conviction for second degree assault is **VACATED**;

8   (4)   Petitioner should be released from custody unless the State of Washington elects

9 to retry him within ninety (90) days after entry of this Order; and

10  (5)   The Clerk of Court is directed to send a copy of this Order to Magistrate Judge

11 Karen L. Strombom.

12  **DATED** this 2nd day of July, 2013.

         _/s/ Ronald B. Leighton_
         RONALD B. LEIGHTON
         UNITED STATES DISTRICT JUDGE